IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| FUTURISTIC FEW, INC. | ) Bankruptcy Case No. 04-33752 |
| | ) |
| Debtor. | ) |
| | |
| MARK A. HUMPHREY and | ) |
| DONNA S. HUMPHREY, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) Adversary Case No. 04-3332 |
| | ) |
| LAURA GRANDY, Trustee, | ) |
| WESLEY McELROY and | ) |
| DELBERT K. CONNORS, | ) |
| | ) |
| Counterdefendants. | ) |

OPINION

This matter having come before the Court for trial on the Counterclaim of Mark A. Humphrey and Donna S. Humphrey; Objection to Claims of Wesley McElroy, Delbert K. Connors, and Robert Edwards, filed by both the Trustee and Mark A. Humphrey and Donna S. Humphrey; and Objection to Claim of Mark A. Humphrey and Donna S. Humphrey, Claim No. 3, filed by the Trustee; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute, and are, in pertinent part, as follows:

On July 25, 2002, Delbert K. Connors, President of Futuristic Few, Inc., signed a contract on behalf of the corporation to sell real estate of the corporation located at 716-718 East Broadway, Alton, Illinois, to Mark A. Humphrey and Donna S. Humphrey. Delbert K.

Connors did not have corporate authority to sign the contract on behalf of Futuristic Few, Inc. On January 21, 2003, Mark A. Humphrey sent a letter to Delbert K. Connors canceling the contract for sale of real estate based upon the inability of the Debtor to close on the contract. Nothing further happened with regard to the subject real estate until July 2, 2003, when, despite having sent a letter canceling the contract for sale, Mark A. Humphrey filed a Complaint, in the Circuit Court of Madison County, seeking specific performance of the contract signed by Delbert K. Connors on July 25, 2002. The Defendants failed to respond to the Madison County lawsuit, and, on August 18, 2004, a default judgment was entered in the Madison County case in favor of the Humphreys ordering specific performance on the contract in exchange for a payment of $30,000 by the Humphreys.

On August 25, 2004, Delbert K. Connors executed a deed conveying the real estate in question to himself and Wesley McElroy. Again, there was no corporate authority for the execution of this deed. On September 16, 2004, Debtor Corporation, Futuristic Few, Inc., filed for relief under Chapter 7 of the Bankruptcy Code.

Following the filing of the Chapter 7 bankruptcy, Trustee, Laura Grandy, filed a Motion to vacate the State Court default judgment due to additional evidence obtained by the Trustee in October 2005, and due to a $5,000 error in calculation on the face of the judgment. The Trustee sought to have the State Court judgment vacated based upon the January 23, 2003, letter from Mark A. Humphrey to Delbert K. Connors, the President of Futuristic Few, Inc., wherein Humphrey indicated that the agreement for sale of real estate dated July 25, 2002, was canceled. The State Court refused to vacate the default judgment and, subsequently, denied a Motion to Reconsider filed by the Chapter 7 Trustee. Having failed to obtain a vacation of the State Court judgment, the Chapter 7 Trustee deeded the subject real estate to the Humphreys in exchange for their payment to the Chapter 7 bankruptcy estate in the amount of $28,076.58. By their Counterclaim in the above-captioned adversary proceeding, the Humphreys seek damages for the delay in receiving title to the subject real

estate and for punitive damages against Defendants, Delbert K. Connors and Wesley McElroy, for their alleged attempt to avoid the default judgment against the Debtor Corporation by deeding the subject real estate to themselves shortly before seeking Chapter 7 relief for Futuristic Few, Inc.

In addition to asserting a claim against the Debtor Corporation, the Humphreys also seek judgments in their favor against Delbert K. Connors and Wesley McElroy, individually, and they also seek to have the claims of Delbert K. Connors and Wesley McElroy against the Chapter 7 bankruptcy estate denied or subrogated to their own claim. The Chapter 7 Trustee also objected to the claims of Delbert K. Connors and Wesley McElroy, but announced that her objections were resolved by terms read into the record at hearing on June 22, 2007. On July 5, 2007, orders were entered, with Trustee's agreement, allowing the claim in the amount of $47,595, for Wesley McElroy; $54,864.12, for Delbert K. Connors; and $15,000 for Robert Edwards. The orders indicated that the allowance of the claims were subject to the Objections made by Mark A. Humphrey and Donna S. Humphrey taken under advisement by the Court.

## Conclusions of Law

The Court will first address the Humphreys' counterclaim against the Chapter 7 bankruptcy estate and the Trustee's Objection to Claim of Mark A. Humphrey and Donna S. Humphrey, Claim No. 3. There is no dispute, nor can there be, that the Humphreys bear the burden of proof by a preponderance of evidence to establish their counterclaim against the bankruptcy estate and to establish their claim filed as Claim No. 3. In this regard, the Court finds that the Humphreys have failed to meet their burden of proof. Although there is no doubt that a considerable amount of time passed between the time when the Humphreys were entitled to possession of the subject real estate and the time when the Chapter 7 Trustee executed a deed in their favor, there is no credible evidence supporting the Humphreys' claim for damages. The Humphreys claim that they lost the fair rental value of the real estate in

3

the interim between their entitlement to possession and the Trustee's deed, however, they offered no evidence to establish a fair rental value for the real estate. The only evidence as to rental value came from Delbert K. Connors and Wesley McElroy as to a $750 per month agreement with a third party, and there is nothing to support that this was a fair rental value. In fact, the evidence shows that that amount was not even collected on a regular basis. The Humphreys also claim that the condition of the real estate deteriorated between the time of the entry of the default judgment in the Circuit Court of Madison County and their receipt of title. As for this claim, the Court, once again, finds that the Humphreys did not offer any evidence to support this assertion, other than the self-serving testimony of Mark A. Humphrey. This assertion was also directly contradicted by evidence that, in fact, Delbert K. Connors and Wesley McElroy made substantial improvements to the subject real estate prior to the Debtors filing for Chapter 7 relief. As a result of the default judgment entered in the Madison County Circuit Court, the Humphreys already received what amounted to a $35,000 damage award in addition to the judgment for specific performance. The Madison County Circuit Court judgment was clearly miscalculated in the Humphreys' favor in the amount of $5,000. Taking this error in account, together with the Humphreys' failure to establish damages as a result of the delay in their receiving title to the subject real estate, the Court must find that the Humphreys' Counterclaim against the Chapter 7 estate and their claim filed as Claim No. 3 must be denied.

In their Counterclaim against Delbert K. Connors and Wesley McElroy, the Humphreys seek compensatory damages for the fair rental value of the property in question from the date they became entitled to possession to the date the Trustee complied with the judgment. Here again, there is no dispute that the Humphreys had the burden of proof to establish fair rental value of the property. As stated above, the Court finds that the Humphreys have not met their burden of proof such that they should recover the fair rental value of the property during the approximate 32 month delay. The Court recognizes that the

conduct of Delbert K. Connors and Wesley McElroy in deeding the property to themselves prior to the filing for Chapter 7 bankruptcy was fraudulent, but, without a sufficient basis to find compensatory damages, the Court is unable to rule in the Humphreys' favor.  Having found that the Humphreys have failed to adequately establish compensatory damages, the Court must also reach the conclusion that no punitive damage award can be found against either Delbert K. Connors or Wesley McElroy.  Despite the delay in obtaining title to the subject real estate, the Humphreys have fared well in this matter given that they received title for the sum of $28,076.58, despite the original $65,000 purchase price and improvements made to the real estate after the entry of the default judgment in the Madison County Circuit Court.

Finally, the Court addresses the Objections of the Humphreys to the claims of Delbert K. Connors, Wesley McElroy, and Robert Edwards.  The Humphreys argue that the Claimants have not provided a sufficient basis to substantiate their claims and that, even if they had provided sufficient documentation, their claims, as insiders of the Corporate Debtor, should be subordinated to the claim of the Humphreys.  As stated above, the Court has found that the claim of the Humphreys against the Chapter 7 bankruptcy estate must be denied, and, as such, there is no basis for subordination.  As for the Humphreys' objections based upon the lack of substantiation, the Court finds that it agrees with the position taken by the Chapter 7 Trustee that Claimants, Delbert K. Connors, Wesley McElroy, and Robert Edwards, supplied sufficient documentation to support their claims as ordered by the Court on July 5, 2007. Based upon the position taken by the Chapter 7 Trustee and the documents submitted by Claimants, Delbert K. Connors, Wesley McElroy, and Robert Edwards, the Court finds that the Objections to their claims filed by Mark A. Humphrey and Donna S. Humphrey must be denied.

    ENTERED:  September  25 , 2007.

                                      /s/Gerald D. Fines
                                      GERALD D. FINES
                                      United States Bankruptcy Judge